NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
SCOTT M. LARA (Cal. Bar No. 296944)
DAMARIS DIAZ (Cal Bar No. 277524)
Assistant United States Attorney
Violent and Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-0427
     Facsimile:  (213) 894-0141
     E-mail:     scott.lara@usdoj.gov
                 damaris.diaz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,  Plaintiff,  v.  MEI XING,   aka "Anna,"  Defendant. | No. 20-MJ-01724  [PROPOSED] ORDER EXTENDING AND EXCLUDING TIME FROM THE SPEEDY TRIAL ACT BASED ON SUSPENSION OF THE GRAND JURY |
|---|---|

Having considered the United States of America's Unopposed Motion to Extend and/or Exclude Time From the Speedy Trial Act's Indictment and Trial Clocks Based on Suspension of the Grand Jury ("motion"), as well as the Central District of California's General Orders Nos. 20-02, 20-03, and 20-05, and Orders of the Chief Judge Nos. 20-042 and 20-043, and good cause appearing, the Court hereby FINDS AS FOLLOWS:

1. This case was initiated via a complaint and arrest warrant, issued on April 17, 2020, by Magistrate Judge Jean Rosenbluth. Defendant MEI XING ("defendant") first appeared before a judicial officer of this Court on April 22, 2020, at which time the defendant was detained.

2. The Speedy Trial Act would typically require defendant to be indicted by May 21, 2020. 18 U.S.C. § 3161(b). In addition, because 18 U.S.C. § 3164(c) applies, defendant would be entitled to an automatic review of his detention if trial did not commence by July 20, 2020.

3. Furthermore, on April 22, 2020, Magistrate Judge Gail Standish set the preliminary hearing date for May 7, 2020, 15 days after the initial appearance. However, because defendant is detained, the default rule, without the defendant's agreement or outstanding circumstances, is to have the preliminary hearing within 14 days of the initial appearance. The parties both wish to keep the preliminary hearing date on May 7, 2020, to give the parties additional time to produce and review discovery, and to confer with other relevant parties. As a result, the parties believe there is "good cause" for the preliminary hearing date to remain on May 7, 2020, 15 days after defendant's initial appearance, and ask the Court make such a finding.

4. On March 31, 2020, in response to the continuing spread of the COVID-19 pandemic, the Central District of California suspended all grand-jury proceedings until May 4, 2020. C.D. Cal. Order of the Chief Judge No. 20-044, at 3 (Mar. 31, 2020). That suspension was subsequently extended through at least June 1, 2020. C.D. Cal. General Order No. 20-05, In Re: Coronavirus Public Emergency,

Further Order Concerning Jury Trials and Other Proceedings at 3 ¶ 7 (Apr. 15, 2020).

5.   The last grand-jury session in the Central District of California, prior to this order, was on March 25, 2020.

6.   On March 13, 2020, following the President's declaration of a national emergency, the Court suspended jury selection and jury trials scheduled to begin before April 13, 2020. C.D. Cal. General Order No. 20-02, In Re: Coronavirus Public Emergency, Order Concerning Jury Trials and Other Proceedings (Mar. 13, 2020). The same day, the Court imposed health- and travel-related limitations on access to Court facilities. C.D. Cal. General Order No. 20-03, In Re: Coronavirus Public Emergency, Order Concerning Access to Court Facilities (Mar. 13, 2020). On March 19, 2020, by Order of the Chief Judge, the Court instituted its Continuity of Operations Plan ("COOP"), closing all Central District of California courthouses to the public (except for hearings on criminal duty matters) and taking other emergency actions. C.D. Cal. Order of the Chief Judge No. 20-042 (Mar. 19, 2020). On March 29 and 31, recognizing COVID-19's continued spread in the community, the Court took further action: implementing video-teleconference and telephonic hearings and--as noted above--suspending all grand-jury proceedings until May 4, 2020. C.D. Cal. Orders of the Chief Judge Nos. 20-043 (Mar. 29, 2020) and 20-044 (Mar, 31, 2020). The Court has since extended these orders through June 1, 2020. <u>See</u> General Order No. 20-05.

7.   These orders were imposed based on both (1) the California governor's declaration of a public-health emergency in response to the spread of COVID-19, as well as (2) the Centers for Disease

3

Control's advice regarding reducing the possibility of exposure to the virus and slowing the spread of the disease. See General Order No. 20-02, at 1.

8. On March 16, 2020, Los Angeles Mayor Eric Garcetti imposed temporary restrictions to stop large numbers of people from gathering and staying in close proximity, including closing many businesses and restaurants within the city of Los Angeles. The mayor encouraged people to "keep[] a safe distance from one another," to "slow the spread of COVID-19." The same day, all schools in the Los Angeles Unified School District closed.

9. The Judicial Council of the Ninth Circuit has since declared an emergency in the Central District of California, pursuant to 18 U.S.C. § 3174. Order, In re Approval of the Judicial Emergency Declared in the Central District of California (9th Cir. Judicial Council Apr. 9, 2020), available at https://cdn.ca9.uscourts.gov/datastore/opinions/2020/04/10/JC%20Order%20and%20Report%20re%20Judicial%20Emergency%20in%20CA-C.pdf. In the supporting report, the Judicial Council recognized that "under the emergency declarations of national, state, and local governments, as well as recommendations from the Centers for Disease Control and Prevention to convene groups of no more than 10 people, the Court is unable to obtain an adequate spectrum of . . . grand jurors." Id. (Report at 1).

10. For the reasons stated in the government's motion, the Speedy Trial Act's speedy-indictment clock will be extended to 60 days if no grand jury in the Central District of California sits before May 22, 2020. 18 U.S.C. § 3161(b).

4

11. Given the grave public-health concerns discussed in the Central District of California's General Orders and Orders of the Chief Judge, as well as the facts set forth in the government's motion (which the Court incorporates fully by reference here), the ends of justice served by a continuance outweigh the best interest of the public and defendant in a speedy indictment and trial. Thus, the period from April 21, 2020, to June 1, 2020, shall be excluded from the Speedy Trial Act for all purposes. 18 U.S.C. § 3161(h)(7)(A).

12. Failure to grant the continuance of the Speedy Trial Act deadlines would likely make a continuation of the proceeding impossible or result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i).

13. Specifically, delay in the filing of the indictment is caused because the arrest occurred at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in 18 U.S.C. § 3161(b). 18 U.S.C. § 3161(h)(7)(B)(iii).

14. Due to the restrictions imposed by current public-health concerns, it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits. Thus, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

15. Failure to continue this case would also likely put parties, witnesses, jurors, counsel, and court personnel at unnecessary risk.

16. The continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorneys for the government or the defense, or failure on the part of the attorneys for the government to obtain available witnesses.

Accordingly, the Court finds that there is good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. There is good cause for the preliminary hearing date to remain May 7, 2020, based on the representation of defense that they wish to proceed on that date and desire the additional time to obtain and review discovery and confer with relevant parties to this matter.

2. The Speedy Trial Act's speedy-indictment clock will be extended to 60 days if no grand jury in the Central District of California sits before May 21, 2020. 18 U.S.C. § 3161(b).

3. The period from April 21, 2020, to June 1, 2020, shall be excluded in computing the time in which the indictment must be returned or the trial must commence under the Speedy Trial Act. See 18 U.S.C. § 3161(h)(7)(A).

///

///

4.  Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

April 24, 2020
DATE

HONORABLE KAREN STEVENSON
UNITED STATES MAGISTRATE JUDGE

Presented by:

   */s/*
SCOTT M. LARA
Assistant United States Attorney

7